■ In the Matter of MARVIN WEISS, as a Shareholder in the Summit Organization, Inc., Appellant, v SUMMIT ORGANIZATION, INC., et al., Respondents. — (Appeal No. 9971.) Order, Supreme Court, New York County, entered October 28, 1980, which granted respondents' motion for a stay pending determination of Appeal No. 9972/73 and of two other shareholder actions involving the same transaction, unanimously reversed, on the law, the motion is denied and the stay vacated, with costs and disbursements. (Appeal No. 9972/73.) Appeal from judgment and order (one paper), Supreme Court, New York County, entered February 15, 1980, which restricted the appraisal of shares and payment of the fair value thereof to the 900 shares owned by petitioner and which refused to direct respondents to identify the other dissenting shareholders, dismissed, without costs and disbursements. Order, Supreme Court, New York County, entered May 8, 1980, which denied petitioner's motion (denominated one for resettlement) seeking to broaden the proceeding to cover all dissenting shareholders, unanimously reversed, on the law, with costs and disbursements; the motion is deemed one to amend the petition and is granted. Petitioner owns 900 shares in the Summit Organization, Inc. The board of directors of Summit authorized a merger of Nusum, Inc., into the Summit Organization, Inc., with Summit being the surviving corporation. As a result of the merger, Summit's status would be changed from a publicly held corporation to a privately held corporation. Petitioner dissented from the planned merger and was dissatisfied with the corporation's offer respecting the fair value of his shares. Under section 623 of the Business Corporation Law, the corporation was given the primary right to initiate a special proceeding for appraisal of dissenting stockholders' shares in the event that extrajudicial agreement on the value of the shares could not be reached. It was intended thereby to avoid the possibility of multiple shareholder actions. The statute specifically requires that all dissenting shareholders be made parties to the proceeding and that the court shall thereby obtain exclusive jurisdiction in rem against their shares. Here, the corporation failed to exercise its primary right. The statute provides that a dissenting shareholder may institute the same proceeding for the same purpose as could the corporation. In effect, the dissenting shareholder takes the place of the corporation. Petitioner commenced such special proceeding under section 623 of the Business Corporation Law to have the fair value of his 900 shares determined. In his notice of petition and petition he requested such other and further relief as may be just. In paragraph 7 of the petition, petitioner specifically pointed out that the corporation failed to institute a special proceeding to determine the rights of dissenting shareholders (note — the term is used in the plural, shareholders, and not shareholder) and to fix the fair value of their shares. Thus, it is clear that the petitioner was initiating this special proceeding in default of the corporation to determine the rights of all dissenting shareholders who did not accept the corporation's offer respecting the fair value of their shares. As the statute requires that all dissenting shareholders must be made parties, except those who have agreed with the corporation upon price, Special Term should have granted the petition, not only to the extent of directing that petitioner is entitled to the fair value of his 900 shares, but also of directing the respondent corporations to join the other dissenting shareholders as parties to this proceeding. Petitioner appeals from the judgment and order entered February 15, 1980 directing that petitioner's 900 shares fair value be determined on the ground that the judgment and order unduly restricted the appraisal and fixing of a fair value only to petitioner's shares and did not cover all the other dissenters. Subsequently, petitioner

made a motion to resettle the court's judgment and order entered February 15, 1980. Special Term denied the motion in an order entered May 8, 1980, on the grounds that the relief sought was a substantive change in an endeavor to amplify the prior position of the court, and was not being brought to correct an error or omission as to form or for clarification. Petitioner also appeals from this order. With respect to this order, it is clear that petitioner was not seeking to cover matters outside his petition and not before the court. The motion to resettle the order should have been deemed a motion to amend the petition and granted to the extent that Special Term would clarify its prior determination by directing the respondent corporations to add the other dissenting shareholders as necessary parties to this proceeding under and by virtue of section 623 of the Business Corporation Law. Of course, we recognize that petitioner did not specifically ask for this relief. However, in view of the policy underlying section 623 of the Business Corporation Law and in the interest of judicial economy, we conclude that the order of May 8, 1980, should be reversed and petitioner's motion seeking to amend should be granted to the extent of directing respondents to join all dissenting shareholders in the proceeding by having respondents serve a copy of the petition on each of the dissenting shareholders. In consequence of this, the appeal from the prior order and judgment entered February 15, 1980 should be dismissed as academic. Subsequently, respondents moved for a stay of this special proceeding, pending determination of the petitioner's appeals from the above orders and pending determination of two other shareholder actions involving the same merger transaction. The two other shareholder actions concerned the same merger transaction between Summit Organization and Nusum and both sought certification as a class action representing all public minority shareholders. However, they did not involve the appraisal right of dissenting shareholders, but were concerned with alleged breach of fiduciary duty, misrepresentation of facts and unlawful freeze-out of a public minority shareholder with respect to the merger transaction. Special Term granted the motion for a stay on the grounds that appraisal could be a wasteful duplication and no corresponding prejudice would result to petitioner from the granting of the stay. Petitioner appeals from this latter order, entered October 28, 1980, which granted respondents' motion for a stay pending determination of petitioner's two prior appeals and determination of the two other shareholder actions above referred to. Apparently a stipulation of settlement has been entered into in the other two shareholder actions, thus mooting one of the predicates for the stay. In any event, the pendency of those two actions on behalf of individuals who must prove fraud and breach of trust before entitlement to any relief is established would not justify the stay of this statutorily mandated special proceeding, in which such fraud and breach of trust need not be established. To put it succinctly, the claims are not identical. Concur — Ross, J.P., Carro, Lupiano, Bloom and Fein, JJ.